March 17, 1922, which reversed an order of Special Term denying a motion to vacate the service of a summons and complaint and granted said motion.

*Albert A. Lustig* for appellant.

*George F. Losche* and *Charles R. Coulter* for respondent.

Appeal dismissed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

MARTHA B. HUSON, Appellant, *v.* CHARLES J. STOLL, Respondent.

*Judgment — foreclosure — action to set aside judgment adjudging a promissory note to be an equitable mortgage and decreeing foreclosure and sale.*

*Huson v. Stoll*, 202 App. Div. 734, affirmed.

(Submitted January 9, 1923; decided January 30, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 25, 1922, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The complaint herein seeks to set aside two judgments recovered against the plaintiff by the defendant, one on March 5, 1919, and the other April 23, 1920; the first decreed a certain promissory note, made by plaintiff to defendant, to be an equitable mortgage by deposit of title deeds by plaintiff with defendant, that showed title in her to ten hundred and twenty-eight acres, situated in Suffolk county; said judgment also decreed foreclosure and sale of said lands to pay the sum of two thousand dollars and interest, the amount of said note or mortgage. The second was for a deficiency resulting after the sale of said lands. The decision of the court was based upon the construction the court gave to an interlineation above the maker's signature, reading as follows: " To secure which loan, I deposit deed to my property, 1,028 acres at Riverhead, L. I., on which there is an outstanding mortgage of $6,500." This inter-

lineation, appellant claims, is a forgery, in that it was inserted after the note was signed and without her knowledge or consent. She further claims that there was no loan made of two thousand dollars, or any other sum; that she never received any consideration of any kind from the defendant for making the note; that, on the contrary, the note was obtained from her by the defendant on the pretense of discounting it and remitting the proceeds to her; that it was not discounted, and instead of returning the note to her, the defendant converted it to his own use, and while in his possession the interlineation was forged, changing it from an ordinary promissory note into an equitable mortgage.

*William F. Burrough* for appellant.

*Maxwell C. Katz* and *Otto C. Sommerich* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

———

In the Matter of the Petition of WILLIAM J. AMEND, Respondent, for Probate of the Will of JULIA F. MEADE, Deceased.

CHARLES F. MEADE, Appellant; EDWARD J. MCGOLDRICK et al., Respondents.

*Will — probate — testamentary capacity.*

*Matter of Meade*, 200 App. Div. 346.

(Argued January 9, 1923; decided January 30, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 17, 1922, which unanimously reversed a decree of the Kings County Surrogate's Court denying probate of an instrument propounded as the last will of Julia F. Meade, deceased, and directed that said will be admitted to probate. A jury in Surrogate's Court found that the decedent lacked testamentary capacity. The Appellate Division held that such finding was against the evidence and the weight of the evidence.